**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4506**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

FREDERICK PADGETT,

                Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, District Judge.  (1:09-cr-00099-IMK-1)

Submitted:  November 5, 2010          Decided:  April 11, 2011

Before KING, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

L. Richard Walker, Senior Litigator, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, Shawn Angus Morgan, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Frederick Padgett appeals the judgment of conviction entered after he was found by a jury to be guilty of one count of assaulting a person with a dangerous weapon with intent to cause harm while a federal inmate, in violation of 18 U.S.C. § 113(a)(3) (2006), and one count of being a federal inmate in possession of a prohibited object designed to be a weapon, in violation of 18 U.S.C. §§ 1791(a)(2), (b)(3) (2006). Padgett claims the district court abused its discretion denying his motions for a mistrial and for a new trial based on two instances where the jury was informed that Padgett was currently a federal inmate. Finding no abuse of discretion, we affirm.

This court reviews the district court's denial of a motion for a mistrial, as well as the court's refusal to order a new trial, for abuse of discretion. United States v. Wallace, 515 F.3d 327, 330 (4th Cir. 2008) (motion for mistrial); United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006) (motion for new trial). A mistrial should be granted if the court finds that it has become a "manifest necessity" to stop the trial because of some event that would prevent the defendant from receiving a fair trial and an impartial jury. See Illinois v. Somerville, 410 U.S. 458, 461 (1973). A motion for a new trial should be granted if there were substantial errors during the

2

course of the trial. See, e.g., Goodman v. Pennsylvania Tpk. Comm'n, 293 F.3d 655, 676 (3d Cir. 2002).

The right to a fair trial is fundamental and the presumption of innocence is a basic component of a fair trial. Estelle v. Williams, 425 U.S. 501, 503 (1976). "[C]ourts must be alert to factors that may undermine the fairness of the fact-finding process." Id. In order to determine the impact of a particular practice or trial event requires "close judicial scrutiny." Id. at 504. Courts must rely upon "reason, principle, and common human experience." Id.

We conclude there was no abuse of discretion. The comments were isolated. The jury was not constantly reminded of Padgett's status, see Estelle, 425 U.S. at 504, and the court gave a limiting instruction and subsequently properly instructed the jury on what evidence it could consider prior to reaching a verdict. Furthermore, the evidence of Padgett's guilt was substantial.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED